He was highly decorated. In fact, I believe he may have been the most highly decorated during that time period. Through a confluence of events in 2008, he was transferred into administrative duties, had people calling him a thief, had his supervisor revoking some of his security privileges to take those on for himself, the supervisor, and was trying to get other people to close a criminal investigation and blame it on Officer Conti, which would be a crime. He resigned his position after discovering all this in the beginning of October 2008 and prosecuted an appeal of that as a constructive discharge. What's before you is a 2011 petition for review of a 2009 initial decision. And I know you've probably all done the math already that that's some two and a half years after the decision. So what's really here is an untimeliness issue or a timeliness issue as we look at it between the parties. Was the appeal filed timely or not? And if not, was there a reasonable excuse? Two and a half years, clearly out of time. So we look at what's the excuse? Why two and a half years? And what should this court do as opposed to what it's done in other cases where it's looked at untimely filings? And I think that there's two very distinct reasons why this case is unique as no other and provides Officer Conti with the remedy that he should be able to make his case before the board with all the evidence in hand that he did not have below. Number one, in November 2008, the board issues an acknowledgement order that requires, among other things, the parties to produce all relevant and material evidence. The agency produced nothing. The board's regulations at the time likewise provided that the parties had an obligation like Rule 26 of the Federal Rules of Civil Procedure to produce evidence without waiting for a discovery request. The agency produced nothing. So we have an order and we have rules, no production. Unlike... In an involuntary resignation or retirement case, what would you expect the agency to do by way of an initial production? Since the agency, when the appeal is first filed, does not know what the basis for the claim of involuntariness is going to be. Initially, scratch its head and wonder what it should do. In this instance, Officer Conti issued two declarations indicating the basis for his claim and within the next week, the board responded and said, well, he's produced virtually nothing. No emails, no memos, no part of the file. At the junction of that filing, when the agency took that position that nothing existed, knowing what the claim was, I think that's where the problem arises. Because now that you know what the claim is and you know what the order says and you know what the rules say, I believe that at that point the agency had an obligation to do what the order required it to do, do what the rules required it to do. Let me ask a question. I don't really see these forms very often, but is the acknowledgement order you're talking about what appears in A-26? I just want to make sure that you and I are looking at the same document. Is that the right place in the record where I should be looking? A-26 to 27, correct. Okay, so that's the acknowledgement order. Correct. And in particular, are you relying on number four there, copies of all other documents that are relevant and material to this appeal? Yeah, that's in the attachment to the order, yes. Oh, it's in the attachment. No, no, I'm reading on page A-26. That is correct. Yeah, that is part of the order, but the order essentially says, see the attachment for additional requirements. So 26 and 27 is part of the attachment, but it is the order. Okay, okay. But then, do you see the part that's bracketed under number four? This is also part of the order, and isn't this to explain to the agency what is meant by the documents that are relevant and material? In part, yes. In part. So I guess the problem is, there's copies of all of the documents relevant and material to this appeal, and then it goes on to tell you what they are, copies of the notice of proposed action, appellant's written reply and summaries of the oral reply, the SF-50, evidence supporting the action. It doesn't say evidence that might go the other way and indicate we shouldn't have taken the action. It seems to me that what the agency is required to, and then the last one is document the evidence of past records that are going to be relied upon for justifying why the agency took the action. I don't know. It just seems kind of clear to me, based on this enunciation, that it doesn't say any evidence that goes either way favoring or disfavoring the action. It says evidence supporting the action. It seems to me that what is required is not for the agency to conduct the kind of broad discovery that occurs in general litigation, but rather for the agency to have to provide to Mr. Conte the type, any evidence it intends to rely on to support it. Well, I can respond, I think, in three ways to that, because I understand how you're reading that, Judge. First, it was clear from the declarations submitted by Officer Connie that he was alleging a number of personnel actions taken over a period of some five or six months. So, in terms of the actions that were at issue in the case, I think it was very clear to the agency what those actions were, and it should have been providing some discovery on those actions. And we can get to the level of discovery in a minute, but some. That's the first point. If you look at the order earlier, pages, I think it's on A21 to 22, there's a number one there that says the agency must provide a copy or description by category of documents in its possession to support its claims or defenses. The agency's defense was, you've given me no emails or memos or documents or nothing. And I think that that's a little misleading to say, but I happen to have them in my file here, but you're not going to get them. And the third point is, all of this is just the order. None of this addresses the discovery regulations, which have since been amended, which at the time provided, if you look at the Federal Register notice that we cited, that they were intended to be like Federal Rule 26. Can you point me to where the best language is in the discovery rule that you're referring to that would support the agency needs to treat this like a general litigation process, you know, scorch the earth for anything relevant either way. I don't think it is a scorch the earth, everything and anything in either way. Because it's a jurisdictional issue. Show me what you're pointing to. I'm pointing to 73 Federal Register 18149. I didn't quote it in the papers. Are you quoting it? I did not, unfortunately. Is it in the appendix? The rule itself, no. Can you say it again? Sure. 73 Federal Register 18149, dated April 3rd, 2008. And it says in adopting these discovery regulations, we're trying to be like Federal Rule 26. So I think while we could debate the level of discovery that that would require, it's something more than nothing. And it certainly is, in my view, improper for an agency to say, I have these things in my file that show your supervisor was a crook. Now a convicted felon sentence last month, by the way. But he's a crook. I have documents in my file that contradict the investigations we did of you, but I don't feel like turning them over. And in fact, when you go into the IRA appeal filed later in 2009, they did the same thing, which is also in the record. They said, there aren't any documents. Well, they did that for two years. And what I find disappointing is that my client is in a position, it's a real cruel dilemma for him, of going round and round in a circle of, under the cases, he's got to provide new information to make this appeal. Additionally, the information has to be of sufficient weight to change the outcome. So because the agency deweyed things and didn't do its job, my client is in a position of saying, well, when do I have the new evidence, and is it sufficient and material to change the outcome? And it puts him in this dilemma, not because anything he's done. It puts him in this dilemma because the government has decided, we don't want to do what we're supposed to do. We don't want to litigate fairly. What troubles me about your argument is that the discovery objections and ultimately the objection to the decision of the administrative judge against you, in this case, were not presented in a timely petition for review, and no discovery was specifically requested. No depositions, no specific requests for discovery, which had they been denied would have been appealable to the MSPB on a timely petition. Just to correct you, Judge, there was a request for depositions and some discovery by my client in the constructive discharge case, and it was denied in November to December of 2008. What was the discovery that was requested? I believe he characterized it as limited discovery of the agency officials taking the action against him, including depositions, and that was denied. And you didn't – where is that in the record? Because I did not see that. All discovery was denied. I gather saying that Mr. Connolly knows why he was separated. What was the reason for the denial? Do you remember? I don't. It is in the record, Your Honor, and I don't recall where. I'll try and find that. But it wasn't all discovery that was denied. It was that motion for we to conduct discovery that was denied. The order didn't say everything. And an additional period of time for – Correct, and an additional period of time to do that and for we to file the jurisdictional statement thereafter, yes. But you say that there was an – the AJA denied your request for depositions? Yes. Okay. But you did not say, okay, that's wrong, take it to the MSPB. I think that that's true, Judge, but I think the problem with that is that kind of puts a burden on Petitioner to know what's in the agency's files and what they did or didn't do. And, again, it puts him in a position where, on the one hand, there's affirmative obligations that weren't met. And on the other hand, it says, it's okay, agency, you can violate this order and you can violate your own regulations, that's fine. But Petitioner, if you didn't appeal an order, which is binding on you, and you didn't take issue with it, without having the basis to take issue with it because you don't have the documents, it's circuitous. And, again, it puts it on him and not on the real party here. Petitioners – it's not infrequent for petitioners to file petitions for review from the denial of discovery in one of these cases. I agree, but I think if you look at the cases, Judge, to succeed on an appeal, in this instance for an untimely basis, you've got to have evidence of some weight, something to show why that was meaningful. And what did he have at the time to show it was meaningful? He had no idea why they were doing what they were doing. He knew only there was an investigation, which, by the way, wasn't concluded until later in 2009. I'd like to reserve my two minutes, if I can, for a moment. Thank you. Ms. Schreckengosch. May it please the Court. We respectfully request this Court affirm the Board's final decision, which found the petitioner's petition for review as filed untimely without a showing of good cause. It's important for this Court to keep in mind this case is about timeliness. It's not about whether or not Mr. Conte had the opportunity to make a wholesome record. Ms. Schreckengosch, if, as the record says, Mr. Conte requested discovery, we don't have the details of all that was requested, but it was absolutely denied, how is he to have access to this information which helps him? Well, Judge Newman, I respectfully disagree with the assertion that all discovery was denied. Was some discovery granted? Discovery, what happened is he had, excuse me, Mr. Conte's counsel at the time, I believe it was on November 28th, excuse me, November 18th. He was saying he was granted discovery, granted the material in the files, so he eventually came to terms. The response appendix at 56 is the order December 1st, which responds to Mr. Conte's counsel's motion on November 16th, which was a motion for an extension of time for Lee to conduct discovery. What the judge denied on December 1st was his request for an indeterminate amount of time to conduct the discovery. Hang on for a second, I can't find what you said, I thought you said A56, because I didn't hear you, I can't find it. Respondent's appendix at 56. It's the red, my bad. Okay, got it. Okay. And what I think is important, Judge Newman, to note, and the petitioner's motion for the extension of time for Lee to conduct discovery, which is the respondent's appendix at 49, in that actual request, he, counsel, actually says there were specific employees that he wanted to depose, yet there is no information in the record to reveal that. In fact, he issued a notice of deposition, or propounded interrogatories, or made any request for documents. There weren't specific employees identified, correct? That he wanted to depose? That is correct. He just said, I may want to depose some employees. That was my recollection. So presumably at the time when he made that request for an extension of time, he had in mind what employees he wanted to depose, but rather than issue the notice of deposition, he did nothing rather than put his mercy basically on the administrative judge for asking for an indeterminate amount of time to conduct discovery. And what the administrative judge said in their order on December 1st was simply that you are the holder of the best evidence here. If you resign from your position, it is your burden to prove that, in fact, the discharge or the, excuse me, the involuntary resignation was such that that that was involuntary. And what is the MSPB's obligation in such a circumstance, to provide information that's relevant to observe and look at, if there's any relevant information, or just to say you can't have any more time? Your Honor, the administrative judge's rulings in discovery are simply that it is a matter of discretion to the administrative judge. If at the time... Discretion is not absolute. Discretion has to be reasonable discretion. I absolutely agree with you. But I think the point in this case, which we need to focus on, is had Mr. Conte had a problem or disagreed with the administrative judge's discovery ruling, he should have issued, or excuse me, filed a petition for review in a timely manner. He did not do that. Because he didn't know what was there. He only discovered that much later. If he had known that these documents were there, perhaps he would have done something different. Judge Newman, I would actually respectfully disagree. If you look at the record in the chronology of how this happened, he filed his appeal on November 5th. In his appeal, I think it was box 18, simply stated that management hadn't made his working conditions so there may have been another sentence or two. The administrative judge promptly issued an acknowledgement order on November 6th outlining basically how the case was going to proceed. He, at that point in time, asked for an indeterminate time for discovery. That was denied on December 1st. He then, at that point in time, in response to the order on jurisdiction, issued his first response on jurisdiction. I believe that was on December 2nd, 2008. It's on page 58 of the Respondent's Appendix. In response to what he alleged in the 67th paragraph, the agency responded and simply refuted those allegations. Did not include any additional evidence, simply refuted the allegations. Then, contrary to what Mr. Conte was turning before this court today, he did not file his supplemental response on jurisdiction with the additional 37 paragraphs until December 19th. The fact is the agency simply used the evidence that Mr. Conte alleged and simply refuted it. That was enough for the judge to find that he did not make a showing that his resignation was, in fact, involuntary. That's what happened below. He should have, at that point in time, if he had a problem with the initial decision or disagreed with it, issued a timely petition for appeal. Instead, what he did is on June 3rd, 2009, filed an IRA appeal, which is still pending before the board. During the IRA appeal, he actually filed motions for discovery, in which he got all of these reports of investigation, subsequent information about his supervisor, who he just referred to as a crook, Mr. Cukin, all of that. The record shows that he had most of that evidence, and it's not denied by July of 2011. Yet, he still sat on his rights and did not file his petition for review until December 14th or 15th. He sat on that information for almost six months. So, I think the record is clear that Mr. Conte was not diligent in providing the new evidence in which he's trying to establish good cause for reopening his appeal. It's also undisputed that Mr. Conte is represented by counsel during his entire time. Two and a half... You just hinged a lot of your response to Judge Newman on the fact that he actually got the documents, which he says sort of made a difference, on July 5th, 2011, and didn't actually file his petition until when? December, five months later, something like that? Yes, I think December 14th or 15th, Your Honor. Was that five months? Five and a half to six months later. Five months and one week? Five months and one week. So, five months and one week later. So, what is the magic time period? If this is a critical part of why we might agree with you, no cause could cause exist, what is the magic time period? What is the number of days, weeks, or months that he should have then, with this information in hand, that it would have been reasonable for him to run back and file the petition? Well, Judge Moore, I don't think there's a set number, a magic number. If we did, we probably all wouldn't be sitting here today. But this, of course, is a pom-pom in two cases that I think are instructive here. In De La Galle v. Department of Justice, in that particular case, a petition review was filed untimely, and in that petition review, what they were trying to establish for their good cause, the new evidence, was a report of investigation that was dated six months prior to when Mr. De La Galle or Ms. De La Galle had resigned. The board dismissed and this court affirmed the fact that the evidence was available during the time of the initial appeal, but yet there was no motion to compel file to get this evidence. In other words, he was aware that there were reports of investigation. Likewise here, Mr. Conte, in his response to the order on jurisdiction on December 2nd, I think it's our appendix on page 64, specifically notes that he was aware that he was under investigation. He knew he was under investigation, so he could have simply filed a motion for discovery and did not to request subsequent reports, knowing that he was under investigation by this agency. Contrary to Mr. De La Galle, the De La Galle case in Armstrong v. Department of Treasury, that particular case, the new evidence was presented on the exact same day that it was discovered. It was discovered... Yeah, that sort of doesn't really present, you know, a good... If we were looking for bookends, the guy who did it on the day of, of course, that meets the requirement, right? I mean, that's... Sure. I mean, that's what we call a perfect type case when you find the new evidence and you file immediately. And this court, again, remanded that particular case for the board to consider whether, in fact, that new evidence may make a change in the outcome. So I think it's difficult for this court to determine what exactly that time frame is. But I say, you know, six months is extreme. There's already case law that has affirmed that a six-month, you know, wait in time is not sufficient to establish due diligence in this particular matter. It's also important to recognize, too, that Mr. Conte was well aware of the time limits here. If we look at some of the Alonzo factors, the fact that he was notified of the time limit, there's no discussion here that he was. And there's also the existence of circumstances beyond Mr. Conte's control also isn't presented here in the record. And the degree to which any negligence was shown in terms of the agency or Mr. Conte or the board or anyone is also not present. So considering that this court generally gives great deference to the agency's determinations of interpretations of its time limits, we believe here, too, that this is another case where that is appropriate to affirm the board's decision, finding, in fact, that he did not establish good cause for his untimely filing. And also just briefly to respond to two separate other arguments that Mr. Conte made. He tends to say in his briefing that he was a victim and that his constitutional rights were denied, meaning that he wasn't provided a notice, an opportunity to be heard. The board would respond to that as simply not the case. I mean, he had an opportunity at the lower level to engage in discovery and didn't. There's no evidence in the record that the agency, as Mr. Conte seems to be suggesting, was sitting on evidence and waiting for a final decision to be entered before they would have to provide the evidence and that that was done through trickery or misrepresentation, which leads to my final point to respond to. Mr. Conte also attempts to use the equitable principle to equitable estoppel and equitable tolling to show, in fact, that this appeal is timely. Again, there's nothing in the record to suggest that the agency was hiding any documents. To defend itself in his initial appeal, his involuntary resignation appeal, all they did was simply refute his accusations and the board found, the administrative judge found, excuse me, in the initial decision that the facts, as alleged, did not establish that his resignation was involuntary. So if there are no other questions, we will start. Any more questions? Thank you, Mr. Conte. Thank you. Mr. Eschino. I'm going to try and do a lot in a short period of time here. I happen to like the Alonzo case because it says that one of the factors is prejudice to the agency, which I don't hear being raised at all. And I also happen to like the thought on due process being an opportunity to be heard. However, I think it's missing the phrase a meaningful opportunity to be heard. Officer Conte is not implying that the agency was withholding documents. He's stating it outright. I think there can be no dispute that taking a position that there isn't evidence when you have it, and in the IRA appeal, taking the position that no documents exist, and then we find two years later that they have them, is really important. Let's get a flavor of this. They claim that Officer Conte had a conflict of interest, but at A777, they have a document showing that the company he worked for on the outside was not an importer, and essentially means there is no conflict. Did we get to deal with that at the hearing? No. Did we get to show that the investigation was a sham because they had information suggesting that their own investigation was wrong? No. Did we get to talk about Agent Kukan being a crook? No. One thing that troubled me in the agency's argument is saying essentially it's the petitioner's burden to show jurisdiction. I do defense work. I would love a rule that says that as a defendant, I don't have to give plaintiff information because it's their burden of proof. I don't read the order that way. I don't read the discovery regulations that way, and I think an order is an order, and rules are rules, and agencies are obligated to go by them and obey them, and they did it here, and it put my client in the position of having to choose what was the right time. In July 2011, he didn't have most of the documents. He got 1,200 and something pages on a rolling basis at the agency's timeline to give him that information, and he didn't have all of it in July 2011. I lived it. He didn't get all of it until December, and it wasn't even most of it in July. So on that note, what I would like to just finish with is I think that this court has a power to see a violation of the rules as an abuse of discretion, a violation of the rules as arbitrary and capricious, and can overturn a good cause determination on that basis. There's no deference on a matter of law. That's what this is. Thank you very much. Any questions? Okay, thank you, Mr. Castino and Mr. Evans. The case is taken under submission. That concludes the argued cases for this morning. All rise.